In the Matter of the Application of CHARLES GOODMAN and HARRY LEWIS for an Order of Prohibition against the COURT OF SPECIAL SESSIONS OF THE CITY OF NEW YORK, and Particularly FREDERICK KERNOCHAN, Chief Justice of Said Court of Special Sessions, etc.

Supreme Court, Kings Special Term, July, 1923.

**Criminal procedure — jurisdiction of Court of Special Sessions of the city of New York — appeal — on reversal of conviction new trial must be had in Magistrates' Court.**

The object of the amendment to the Inferior Criminal Courts Act by chapter 595 of the Laws of 1922 was to make the Court of Special Sessions of the city of New York an appeal court in respect to magistrates' convictions, and the court has no discretion under section 94 of said act, as amended, to retain a cause for a new trial after reversal by it but must remit the same to the Magistrates' Court.

APPLICATION for writ of prohibition.

*K. Henry Rosenberg,* for petitioners.

*Charles J. Dodd,* district attorney (*Harry S. Sullivan* and *Henry J. Walsh,* assistant district attorneys, of counsel), for defendants.

LEWIS, J.  A writ of prohibition is sought to restrain the Court of Special Sessions from trying the above-entitled case after reversal by that court of a conviction.

The question is whether the Court of Special Sessions on reversing and ordering a new trial has the power to retain the cause for the new trial instead of remitting it to the Magistrates' Court.  Whether there is discretion in that court to retain the cause for a new trial instead of remitting it to the court of origin depends upon section 94 of the Inferior Criminal Courts Act and the degree of its assimilation of the provisions of the Code of Criminal Procedure (§ 749 *et seq.*) applicable to like appeals throughout the state.  In 1910, when the Inferior Criminal Courts Act was enacted (chap. 659), it was provided by section 94 that the right of appeal from a magistrate's conviction to the County Court and the appeal procedure (for both of which the Code of Criminal Procedure had to be consulted) was " preserved and continued."  Section 768 of the Code of Criminal Procedure provided that a new trial ordered " must " be had in the County Court.  In 1915 (chap. 580) " must " was amended to " may," and there was inserted a clause that " in the city of New York, such new trial may be had, in the discretion of the court reversing  *  *  *  in the magistrates' court  *  *  * or in the court reversing  *  *  *."  Section 94 was also then amended by chapter 531 and a final sentence added providing " Upon the reversal  *  *  *  the  *  *  *  county court *may* send back the cause for a new trial to the city magistrates' courts." In 1922, when section 94 was amended generally by chapter 595 to make the Court of Special Sessions the appellate court in place of the County Court, the final sentence added in 1915 was amended by substituting therein the new appellate court for the old, but otherwise the sentence was unchanged and the " may " remained in it.  The basis for the contention that the Court of Special Sessions has the discretion to retain or remit is the permissive sense of the word " may."  Under the amendments of 1915 there was such a discretion in the County Court, but that was by virtue of the express provision in the clause in section 768 and not from a permissive sense in the word " may " in section 94, especially as " may " would have effect and application in its normal use of contemplating the contingency of there being a new trial at all for it is not every reversal which results in a new trial.  On

reversal there may be a dismissal of the charge or a discharge of the accused if he has meantime suffered imprisonment. Code Crim. Pro. § 767. For these possibilities "may" was the apt word and it is the usual word used in respect to civil appeals in the Code of Civil Procedure (§§ 1317, 1337) and Civil Practice Act (§§ 584, 604). Having that sense as enacted in 1915, it continues the same in the same sentence as amended in 1922, unless there is some indication that it was to have the unusual sense of recognizing a discretion as to the trial court. The indications are actually to the contrary. Had the Court of Special Sessions under the amendments of 1922 completely succeeded to the jurisdiction and powers of the County Court it would also have succeeded to the discretion, but it did not so completely succeed. The most apparent object in the amendments of 1922 to the Inferior Criminal Courts Act was to make the Court of Special Sessions an appeal court in respect to magistrates' convictions. The former assimilation by section 94 of the provisions of section 768 was limited by a clause inserted that "All powers heretofore existing  *   *   * in the county courts   *   *   * to affirm, reverse or modify   *   *   * are hereby vested in the court of special sessions   *   *   *." The sentence fails to vest any discretion as to the place of new trial. Nothing being said in this connection in regard to a new trial or determining the court, there is now nothing in or to be read in section 94 about the new trial other than the final sentence containing the word "may." This was only expressing the contingency of there being a new trial at all and not implying any discretion as to its forum. The conclusion is that the new trial must be in the Magistrates' Court. The writ is granted.

Ordered accordingly.